UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS SOLER-NORONA,

       Petitioner,              Case No. 17-11357
                                            Honorable Linda V. Parker

v.

SHAWN BREWER,

       Respondent,
_____/

**<u>OPINION AND ORDER GRANTING THE MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS, HOLDING THE AMENDED PETITION IN ABEYANCE, ADMINISTRATIVELY CLOSING THE CASE, AND DENYING AS MOOT PETITIONER'S MOTION FOR RULE 5 MATERIALS</u>**

Petitioner Carlos Soler-Norona ("Petitioner) has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Michigan state-court conviction for conspiracy to commit armed robbery. Respondent filed an Answer to the petition on November 2, 2017. On December 7, 2017, Petitioner filed a motion for Rule 5 materials, which he signed and dated December 2, 2017. (ECF No. 16.) Respondent filed those materials on December 10, 2017. (ECF No. 15.)

Although the Court has not received a motion, Petitioner is also seeking to amend his habeas petition and to hold these federal habeas proceedings in abeyance so he can return to the state courts to exhaust new claims. Respondent's Answer reflects that he received a copy of such a motion. (*See* ECF No. 17 at Pg ID 826-27.) Petitioner did submit a supplemental brief in support of the motion to

the Court. The Court construes Petitioner's supplemental brief as the motion to amend and to stay.

Petitioner is seeking to amend his petition to add claims that the prosecutor presented perjured testimony and withheld exculpatory evidence from the defense. Several factors are relevant to whether Petitioner should be allowed to amend his petition, including undue delay, undue prejudice to the opposing party, and futility of amendment. *See Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998). A proffered amendment in a habeas case is deemed futile if it lacks merit on its face. *See e.g., Moss v. United States*, 323 F.3d 445, 475 (6th Cir. 2003). The decision whether to grant leave to amend lies within the district court's discretion. *Coe v. Bell*, 161 F.3d at 342. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Id.* at 341-42. Applying these standards, the Court concludes that Petitioner's motion to amend should be granted.

First, there is no indication that allowing the amendment would unduly delay these proceedings. Second, there is no evidence of bad faith on Petitioner's part in bringing the motion to amend. Third, there appears to be no prejudice to Respondent if the amendment is allowed. Finally, the Court finds that the proposed amended claims arguably have merit.

Petitioner, however, has not raised all of these additional claims in the state court.[1] A state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c); *Picard v. Connor*, 404 U.S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, a federal habeas court must review each claim for exhaustion before addressing its merits. *Id.*

Federal district courts generally must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). In certain circumstances, however, the court may instead employ a "stay and abeyance" approach—that is, stay the federal habeas proceedings while the petitioner returns to the state courts to exhaust his or her claims. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). "Stay and abeyance" is available in only "limited circumstances," however, such as where the applicable one-year statute of limitations poses a concern and the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal

---

[1] In his Response to Petitioner's initial application for habeas relief, Respondent contends that some of Petitioner's ineffective assistance of trial counsel claims also are not exhausted.

3

court, has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

The Court finds it appropriate to grant Petitioner's request to hold this action in abeyance while he exhausts claims through post-conviction proceedings in the state courts. The outright dismissal of the petition, albeit without prejudice, might preclude consideration of Petitioner's claims in federal court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). Further, as indicated above, Petitioner's claims do not appear to be "plainly meritless." Petitioner also has good cause for failing to raise any ineffective assistance of appellate counsel claim earlier because state post-conviction review would be the first opportunity that he had to raise the claim in the Michigan courts. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010).

In *Rhines*, the Supreme Court advised federal habeas courts utilizing the stay-and-abeyance approach to "place reasonable time limits on [the] petitioner's trip to state court and back." 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court is imposing the time limits set forth below within which he must proceed.

Accordingly, the Court **GRANTS** Petitioner's motion to amend his habeas petition and to stay proceedings and hold the petition in abeyance **on the following**

4

**conditions**. First, **within sixty (60) days** of receipt of this Opinion and Order, Petitioner must file his post-conviction motion in the state court **and** notify this Court in writing that such motion papers have been filed. Petitioner's failure to file a motion or notify this Court of its filing within that time-frame will result in this Court lifting the stay, reinstating the original habeas petition to its active docket, and adjudicating the petition on the claims raised therein.

Second, if Petitioner is unsuccessful in state court and wishes to continue pursuing this federal habeas action, he must return to this Court **within sixty (60) days** of exhausting his state court remedies and file **in this case** (i.e., with the above case caption and case number) a motion to lift the stay **and** an amended petition.

The Court will order a response to the amended petition by a new deadline if and when Petitioner returns to federal court.

To avoid administrative difficulties, the Clerk shall **CLOSE** this case for statistical purposes only. Nothing in this decision or in the related docket entry shall be considered a dismissal or disposition of this matter.

Petitioner's motion for Rule 5 materials is **DENIED AS MOOT** as

5

Respondent has filed those materials.

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: April 26, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 26, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>Case Manager